IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ESEQUIEL CAMARENA DBA RODEO MEXICAN GRILL | § § § § | NO. 5:23-CV-241 |
| Plaintiff, | § § | |
| vs. | § § | |
| COLONY INSURANCE COMPANY, | § § § | |
| Defendant. | § § § § | |

ORDER ADMINISTRATIVELY CLOSING CASE

The matter before the Court is the parties' Joint Motion to Abate Proceedings. (Dkt. # 10.) In the motion, the Parties ask the Court to abate this matter to allow Mr. Camarena to pursue recovery of the stolen funds.

Accordingly, upon review, the Court finds that, rather than abatement, an administrative closure of the case is appropriate at this time. An administrative closure is "a postponement of proceedings," rather than "a termination." S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004). A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion." Mire v. Full Spectrum Landing, Inc., 389 F.3d 163, 167 (5th Cir. 2004).

The Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. The parties are **ORDERED** to file a status update, or motion to reopen the case, within **90 days** of the date of this Order.

**IT IS SO ORDERED**.

DATED: San Antonio, Texas, November 7, 2023.

_____
David Alan Ezra
Senior U.S. District Judge